```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**DEBRA LEE BEHA,**

       **Plaintiff,**

**v.**                               **Civil Action No. 2:17-CV-04032**

**NANCY A. BERRYHILL, ACTING
COMMISSSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending are the objections to the magistrate judge's Proposed Findings and Recommendation ("PF&R"), filed by plaintiff, Debra Lee Beha ("Claimant") on March 29, 2018.

### I.  Procedural History

On September 25, 2017, Claimant instituted this civil action pursuant to 42 U.S.C. § 405(g) (2016).  Claimant seeks judicial review of the defendant Nancy A. Berryhill's ("Commissioner") administrative decision denying her application for disability insurance benefits and supplemental security income.

This action was referred to United States Magistrate Judge Omar J. Aboulhosn for consideration in accordance with 28

U.S.C. § 613(b)(1)(B) and the standing order in this district. Claimant and the Commissioner have filed cross motions for judgment on the pleadings.

The magistrate judge filed his PF&R on March 12, 2018 and found that the "ALJ's five step analysis complied with the pertinent Regulations and Agency's Rulings, [and] that his determination that Claimant's identified skills acquired during her past relevant work transferred to other work within the same industry with little, if any vocational adjustment, . . . is supported by substantial evidence." PF&R 15. The magistrate judge recommends that the Commissioner's request to affirm the decision of the ALJ be granted, that the Commissioner's final decision be affirmed, and that this action be dismissed. See PF&R 1. On March 29, 2018, Claimant filed objections to the PF&R and the Commissioner responded to those objections on April 4, 2018.

Claimant lodges three objections. First, she objects to the magistrate judge's determination that no conflict existed between the vocational expert's testimony and the ALJ's finding regarding transferrable skills. See Claimant's Obj. to PF&R ("Obj.") 1. Second, Claimant objects to the determination that the ALJ's past relevant work and transferability analyses were based on substantial evidence. See id. at 3. Finally, Claimant

2

objects to the finding that the ALJ gave proper consideration to the special provisions made for transferability.  See id. at 9.

## II.  Standard of Review

The court reviews de novo those portions of the magistrate judge's PF&R to which objections are timely filed.  28 U.S.C. §636(b)(1)(B); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  On the other hand, the standard for review of the Commissioner's decision is rather deferential to the Commissioner under the Social Security Act, for "a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'"  Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017) (quoting Preston v. Heckler, 769 F.2d 988, 990 (4th Cir. 1985)); see 42 U.S.C. § 405(g); Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (stating that the court must scrutinize the record as a whole to determine whether the conclusions reached are supported by substantial evidence).  Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted); accord Brown, 873, F.3d at 267.

"In reviewing for substantial evidence, [a district court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is, by definition, more than "a mere scintilla," Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996), but "may be somewhat less than a preponderance," Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

III. Discussion

The Social Security regulations establish a "sequential evaluation" for the adjudication of disability claims. See 20 C.F.R. §§ 404.1520(a), 416.920(a) (2018). The first question is whether the claimant is currently engaged in gainful employment. Id. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the second question is whether the claimant suffers from a severe impairment. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If so, the third question is whether the claimant's impairment meets or equals any of the specific impairments listed in Appendix 1 to Subpart P of the regulations. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(iii). If

4

it does, the claimant is considered disabled and is awarded benefits. Id. If not, the fourth question is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, she will not be considered disabled. Id. If the claimant is unable to perform past relevant work, the claimant will be deemed to have established a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

Upon satisfaction of the four preceding elements, the burden shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), to inquire as to whether or not the claimant is able to perform other forms of substantial gainful activity by considering the claimant's "residual functional capacity" ("RFC"), age, education, and work experience to determine if she can make adjustment to other work. Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, she will be considered disabled. Id. In order for the Commissioner to demonstrate that the claimant is able to work, he must show two things under 42 U.S.C. § 423(d)(2)(A): (1) "that Claimant, considering his age, his education, his work experience, his skills and physical shortcomings, has the capacity to perform an alternative job,"

5

and (2) that "this job must be shown to exist in the national economy." McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

The Commissioner must take into account vocational factors and residual functional capacity ("RFC") when a determination of disability cannot be made pursuant to the medical-vocational guidelines. 20 C.F.R. § 404, Subpart P, App. 2. Under the guidelines, a Claimant who is "closely approaching advanced age," id. § 416.963, who has a "limited" education,[1] id. § 416.964, and who is "capable of performing sedentary work will be found disabled if their previous work experience was 'unskilled'" or involved skills that were not transferable. Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (quoting 20 C.F.R. § 404, Subpart P, App. 2, Table No. 1, Rules 201.9, 201.10).

Here, the ALJ concluded that the Claimant satisfied the first inquiry of the sequential analysis because she had not engaged in substantial gainful activity since the amended alleged onset date of May 23, 2013. Tr. 12. The ALJ also determined that Claimant had a degenerative disc disease, a

---

[1] The Social Security regulations state that generally, having a seventh through eleventh grade level of formal education means a person has a "limited education," and having a "high school education" generally means a person can do semi-skilled through skilled work. 20 C.F.R. § 416.964(b)(3)-(4). Claimant has a high school education.

6

severe impairment, id., but not one so severe as to equal the severity of one of the listed impairments in 20 C.F.R. §404, Subpart P, Appendix 1. Id. at 14. The ALJ went on to find that the Claimant had the RFC to perform certain sedentary work. See id. The ALJ concluded that Claimant was unable to perform any past relevant work, id. at 18, but that based on her "age, education, and [RFC], the Claimant ha[d] acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." Id.

Claimant's objections to the magistrate judge's PF&R stem from step five of the Social Security Act's sequential evaluation. See generally Obj. Claimant was sixty-two at the time of the ALJ's decision, Tr. 19, had a high school education, and had past work experience as an assistant retail manager, a retail sales associate, and a dental assistant, id. at 164, Ex. 2E.

**A. The ALJ's decision to classify interaction with people as a skill is supported by substantial evidence.**

Claimant's first objection concerns how the skill of interacting with people can be transferred from her past performance as a dental assistant to a potential employment

7

position as a dental receptionist. Claimant asserts that the ALJ erred in finding that Claimant had acquired skills for interacting with people that would be transferable. Obj. 1-3. The SSA defines a skill as:

> Knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. . . . A skill gives a person a special advantage over unskilled workers in the labor market.

Social Security Ruling (SSR) 82-41(4)(c), 1982 WL 31389, at *2. When an ALJ finds that a Claimant has transferable skills, the ALJ must state them with specificity as well as particularly state the jobs to which those skills might transfer. Pyles, 849 F.2d at 848.

Claimant argued that interaction with people was not a skill because it could be learned in less than thirty days, and therefore, was not a transferable skill. See Tr. 19, 164. Claimant's objection is well taken, but it is not determinative. The vocational expert, Patricia Posey, does explicitly state "greeting people and taking down names and so forth would, in my opinion, not be something that would be difficult for someone with a high school education to learn in 30 days." Id. at 48-

49. However, the vocational expert also testified that interacting with others in a dental office could be considered a transferable skill. Tr. 47 ("Often dental assistants do composite work as well as a receptionist, so the familiarity with dental terms, the work activities of interacting with people. Those skills, in my opinion, would make it transferable."). The court notes the inconsistency in the vocational expert's testimony, but the ALJ is permitted to use his judgment in weighing the testimony, and this court may not substitute its judgment for that of the ALJ. See Johnson, 434 F.3d at 653. The ALJ went on to say that "past experience working with others in a dental office, especially patients who may be apprehensive or concerned about their dental care . . . would give her a special advantage over unskilled workers. . . ." Id. This statement is a rational interpretation of the vocational expert's testimony claiming that interacting with people is a transferable skill.

Ultimately, the finding by the ALJ that interaction with people is a transferable skill that Claimant could take from her past job as a dental assistant to a potential job as a dental receptionist is supported by substantial evidence. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) ("Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."). The vocational expert's testimony and the ALJ's reasonable interpretation of that testimony provided substantial evidence to conclude that interaction with people is, in fact, a transferable skill. See Tr. 19-20. Claimant's argument that interaction with people is not a skill, see Obj. 2-3, is no more than a contradictory argument to the vocational expert's testimony, see Tr. 48-51. The ALJ is the fact-finder responsible for weighing the evidence, and it is his responsibility "to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). The ALJ's determination that interaction with people is a transferable skill in Claimant's case is supported by substantial evidence.

   B. The ALJ's finding that Claimant's work as a dental assistant and the application of the transferable skills analysis was based on substantial evidence.

Claimant's second objection again hinges on contradictory evidence presented by herself and the vocational expert, respectively, and the weight the ALJ gave that evidence. Claimant claims that her time spent as a dental assistant did not include performing the duties of a dental assistant described by the Dictionary of Occupational Titles ("DOT"). See

Tr. 50-51. The DOT describes the role of a dental assistant as one that

> involves assisting the dentist during examination and treatment of patients, instructing the patients in oral hygiene, providing postoperative instructions prescribed by dentists, recording treatment information in patients' records, scheduling appointments, preparing bills, receiving payments, completing insurance forms, and maintaining clerical records, manually or by a computer.

Id. at 19. Claimant asserts that she would not be able to be a dental receptionist because "you have to have some insurance qualifications, to know how to get in and post their insurance and different things like that. And I, I never handled any of that. All I did was work with the doctor . . . on the other end of it." Id. In contrast, the vocational expert testified that there would be no skills required for the position of a dental receptionist that a person could not glean from being a dental assistant. Tr. 47.

In addition, Claimant provided further evidence of the skills and duties she acquired in performance of her dental assistant position in her application forms. In describing her job as a dental assistant on the Work History Report, Claimant wrote that she assisted the dentist in all duties in the lab and paper work for patients. Tr. 176, Ex. 4E. Furthermore, Claimant checked the "yes" box in response to the following questions: "In this job, did you:" (1) "Use technical knowledge

11

or skills?" and (2) "Do any writing, complete reports, or perform duties like this?" Id.

While it is true that "neither an occupational title by itself nor a skeleton description is sufficient to document the Claimant's acquisition of skills," 1982 WL 31389, at *7, Claimant's statements did not contradict the duties of a dental assistant laid forth in the DOT nor the skills that, according to the vocational expert, transferred to being a dental receptionist. Claimant's assertion that she believed dental receptionists had to input insurance information did not contravene the vocational expert's testimony that there were transferable skills of interacting with people and having knowledge of dental terms.

The ALJ weighed the testimony of the vocational expert against Claimant's testimony and her answers to the Work History Report and found persuasive the expert's testimony regarding the transferable skills of interacting with people and understanding dental terms. Tr. 19-20. The ALJ concluded that the aforementioned skills obtained in her previous position as a dental assistant would provide Claimant a "special advantage over unskilled workers in the labor market." Id. at 19. As set forth in Pyles v. Bowen, the ALJ's "decision may stand if there is substantial evidence to support his finding that [Claimant's]

previous work experience had been skilled or semi-skilled and had invested her with transferable skills." 849 F.2d at 848.

In Pyles, the Secretary did not detail any specific skills acquired by the Claimant in past jobs that would be transferable to a similar position, and therefore, the court found that his decision was not based on substantial evidence. Id. Here, the ALJ based his decision on specific skills (interaction with people and knowledge of dental terms) acquired by the Claimant in her role as a dental assistant and determined, by considering the record as a whole, that those skills were transferable to a position as a dental receptionist.

Claimant further argues that Barr v. Berryhill is instructive because there, the claimant's past relevant work as a home attendant only transferred "two out of five" tasks identified in the description of "companion" (the new position recommended to the claimant). No. 2:16-cv-42, 2017 WL 2803168, at *30-31 (N.D.W. Va. Jun. 13, 2017). Due to the dissimilarity of those two positions and the vocational expert's failure to reconcile that contrast, the court reasoned that there was not substantial evidence to show there were transferable skills involved in those two jobs. Id. 2017 WL 2803168, at *32. In the present case, however, the ALJ properly relied upon the vocational expert's testimony that she did not believe there

13

would "be skills that would be required for that position [as a dental receptionist] that might not be gleaned from the dental assistant position." Tr. 47.

The ALJ weighed the competing testimonies of the Claimant and the vocational expert concerning the skills acquired by Claimant and how they might be transferred to similar jobs. The resolution of those competing testimonies is for the ALJ to decide. See Hayes, 907 F.2d at 1456. Here, the ALJ relied on substantial evidence to reach the finding that Claimant could serve in other substantial gainful employment roles as a dental receptionist, document preparer, food sorter, or folder. Tr. 46-47. "Skills, levels of skills and potential occupations to which skills from [past relevant work] may be transferred are for the . . . ALJ to determine." 1982 WL 31389, at *4.

C. The ALJ properly considered the "special provisions made for transferability."

Claimant is closely approaching retirement age (62) and is limited to less than light work. See Tr. 14, 19. The Social Security regulations state:

> Individuals with these adverse vocational profiles cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semiskilled jobs can be identified which have some

14

>      degree of skill similarity with their [past relevant
>      work]. In order to establish transferability of
>      skills for such individuals, the semiskilled or
>      skilled job duties of their past work must be so
>      closely related to other jobs which they can perform
>      that they could be expected to perform these other
>      identified jobs at a high degree of proficiency with a
>      minimal amount of job orientation.

1982 WL 31389, at *5. Claimant first argues that the ALJ did not properly consider these special provisions of transferability. Obj. 9. But as the magistrate judge accurately noted, "the evidence of record does not demonstrate that the ALJ deviated from the Regulations or pertinent law in determining what skills Claimant acquired during her past relevant work and whether they transferred over to other work that she would have 'to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.'" PF&R 14-15 (quoting 20 C.F.R. § 404.1568(d)(4)). The ALJ referred to 20 C.F.R. §404.1568(d), which addresses the "transferability of skills for persons of advanced age," in the portion of his decision that evaluated the transferability of Claimant's skills. Tr. 20. The ALJ specifically noted Claimant's age and skills, and the ALJ sought information as to whether there were jobs she could do which would utilize her previously acquired skills but require no additional skills. Id. The ALJ found that Claimant's previously acquired skills would allow her to work, with minimal

vocational adjustment, as a dental receptionist, as well as that of a document preparer, a food sorter or a folder. Id. at 20-21. The court agrees with the magistrate judge's determination that the record indicates that the ALJ properly heeded the special provisions of transferability.

Claimant further asserts that the ALJ did not compare Claimant's actual job duties of her past relevant work as a dental assistant to the job duties of a "dental receptionist" but nevertheless concluded that they were "closely related." Obj. 9. Claimant did not make her claim that dental receptionists in her office dealt with insurance until after the vocational expert's testimony. Id. at 50-51. However, the ALJ relied on the vocational expert's testimony that a person of Claimant's age, education and work experience could work as a dental receptionist and that there were no skills that a dental receptionist would have that a dental assistant would not. See Tr. 19-20, 43-44. Claimant's assertion that, as a dental assistant, she did not interact with insurance information does not nullify the vocational expert's testimony that a dental assistant would have the skills necessary to be a successful dental receptionist. Indeed, the vocational expert testified that "there would not be a substantial adjustment" needed for a person of Claimant's age, education, and work experience to

transition to a role as a dental receptionist. Id. at 47; see also Jensen v. Barnhart, 436 F.3d 1163, 1167-68 (10th Cir. 2005) (holding that the vocational expert's identifying transferable skills and the positions to which those skills transferred and describing how and why starting one of the proposed jobs would require very little adjustment was enough for the ALJ to conclude that the jobs were "closely related").

The evidence presented to the ALJ in the totality of the record was sufficient to allow him to make a reasoned decision that the skills acquired through Claimant's past relevant work would transfer to a new position as a dental receptionist. The ALJ relied upon substantial evidence in considering Claimant's age and physical work limitations as they relate to the transferability of skills. Claimant's objection is denied.

## IV. Conclusion

Accordingly, having received the PF&R, the Claimant's objections, and the Commissioner's response to those objections, and having reviewed the record de novo, it is ORDERED that:

1. The proposed findings and recommendations of the magistrate judge be, and hereby are, adopted and incorporated herein;

2. Claimant's request for judgment on the pleadings be, and hereby is, denied;

3. The Commissioner's request for judgment on the pleadings be, and hereby is, granted;

4. The decision of the Commissioner be, and hereby is, affirmed; and

5. Claimant's action be, and hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United State Magistrate Judge.

ENTER: September 28, 2018

John T. Copenhaver, Jr.
United States District Judge